# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0924V
Filed: December 22, 2017
UNPUBLISHED

| | |
|---|---|
| H.S., a minor, by his mother, JENNIFER STRACICK,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Haemophilus influenzae type b (Hib) Vaccine; Subcutaneous Nodule or Lump; Skin Discoloration |

*Michael G. McLaren*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.
*Justine Elizabeth Walters*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 7, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petition (ECF No. 1). Petitioner alleges that, after receiving the Haemophilus influenzae type b ("Hib") vaccine on January 11, 2016 (*id.* at ¶ 2), her minor child, H.S., "developed a lump on his left thigh at the site of injection" (*id.* at ¶ 3) and suffered "permanent physical injuries and significant ongoing pain and suffering" (*id.* at ¶ 7). She maintains that H.S.'s injuries were caused-in-fact by the Hib vaccine. *Id.* at 1. Petitioner further alleges that H.S. "endured permanent physical injuries and significant ongoing pain and suffering . . . that persisted for longer than six months" (*id.* at ¶ 7) and that "neither [H.S.] nor his mother have ever received compensation in the form of an

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award or settlement for [H.S.'s] vaccine related injuries" (*id.* at ¶ 8). The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 19, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for H.S.'s subcutaneous nodule or lump with residual skin discoloration. On December 22, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating compensation in the amount of $30,217.98 should be awarded as follows:

- A lump sum payment of $30,000.00 for H.S.'s pain and suffering; and
- A lump sum payment of $217.98 for petitioner's past unreimburseable expenses.

Proffer at 2-3. In the Proffer, it is specified that the $30,000 payment for H.S.'s pain and suffering shall be in the form of a check payable to petitioner as guardian/conservator of H.S.'s estate, for the benefit of H.S., only after petitioner has provided "documentation establishing that she has been appointed as guardian/conservator of H.S.'s estate." *Id.* at 2. Furthermore, "[i]f petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of H.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of H.S. upon submission of written documentation of such appointment to the Secretary." *Id.*

In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $30,217.98 as follows:**

**A. A lump sum of $30,000.00, representing compensation for H.S.'s pain and suffering in the form of a check payable to petitioner as guardian/conservator of H.S.'s estate; and**

**B. A lump sum of $217.98, representing compensation for petitioner's past unreimburseable expenses in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                              )
H.S., a Minor, by His Mother,   )
JENNIFER STRACICK,          )
                                              )
    Petitioner,                         )
                                              )   No. 17-924V
    v.                                     )   Chief Special Master Dorsey
                                              )   ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES,              )
                                              )
    Respondent.                       )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 10, 2017, petitioner, Jennifer Stracick, on behalf of her minor child, H.S., filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act"), alleging that H.S. suffered an injury that was "caused-in-fact" by a Hib vaccination, which H.S. received on January 11, 2016. On October 17, 2017, respondent filed a Rule 4(c) Report indicating that petitioner is entitled to compensation for the subcutaneous nodule with residual skin discoloration that H.S. developed at the site of his January 11, 2016, Hib vaccination. For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report. On October 19, 2017, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner is entitled to compensation for H.S.'s vaccine-related injury.

**I.      Items of Compensation**

    A.      <u>Pain and Suffering</u>

Respondent proffers that H.S. should be awarded $30,000.00 for actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value.[1] *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to H.S.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $217.98. Petitioner agrees.

**II.     Form of the Award**

The parties recommend that compensation provided to H.S. should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:

    A.  A lump sum payment of $30,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of H.S., for the benefit of H.S. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of H.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of H.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of H.S. upon submission of written documentation of such appointment to the Secretary.

    B.    A lump sum payment of $217.98, representing compensation for past unreimbursable expenses made payable to Jennifer Stracick, petitioner.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump sum paid to petitioner as guardian/conservator of H.S.'s estate:    **$30,000.00**

    B.    Lump sum paid to petitioner:    **$217.98**

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

  s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 307-6393

Dated: December 22, 2017

---

[1] Should H.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.