# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0924V
Filed: July 26, 2018
UNPUBLISHED

| | |
|---|---|
| H.S., a minor, by his mother, JENNIFER STRACICK, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 10, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petition (ECF No. 1). Petitioner alleges that, after receiving the Haemophilus influenzae type b ("Hib") vaccine on January 11, 2016. *Id.* at ¶ 2, her minor child, H.S., "developed a lump on his left thigh at the site of injection." *Id.* at ¶ 3 and suffered "permanent physical injuries and significant ongoing pain and suffering" *Id.* at ¶ 7. She maintains that H.S.'s injuries were caused-in-fact by the Hib vaccine. *Id.* at 1. On December 22, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 19).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 29, 2018, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 25).   Petitioner requests attorneys' fees in the amount of $22,627.00 and attorneys' costs in the amount of $6,094.03, which includes $4,316.25 in costs associated with the establishment of a guardianship.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 3. Thus, the total amount requested is $28,721.03.

On July 13, 2018, respondent filed a response to petitioner's motion.  (ECF No. 26).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

The undersigned has reviewed the billing records submitted with petitioner's request.  Petitioner requests compensation for her attorney, Michael G. McLaren, at a rate of $440 per hour for time billed in 2017 and $456 per hour for time billed in 2018. (ECF No. 25-2 at 15).  The undersigned finds no cause to reduce these rates as they has been previously awarded to petitioner's counsel.

Regarding the hourly rate of $340.00 requested by attorney Chris J. Webb for worked performed in 2018, the undersigned finds the proposed rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Sec'y of Health & Human Services*, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Mr. Webb has recently entered the 11-19 year experience range for work performed in 2018 and the reasonable rates for attorneys with 11-19 years of experience in the vaccine program falls between $317.00 - $396.00.

Mr. Webb was awarded a rate of $315 for work performed in 2017.  An increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statics, and would result in a rate of $326.00[3], which is a more appropriate rate given the undersigned's experience and

---

[3] Chris J. Webb was awarded the rate of $326 per hour in *Scarpato v. Sec'y of Health & Human Services*, No.16-1448V, 2018 WL 3030977, at *2 (Fed. Cl. Spec. Mstr. March 28, 2018).

analysis of the *McCulloch* factors as applied to Mr. Webb. Therefore the undersigned **reduces the fee request by $210.60.**

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Upon review of the records, a number of entries billed by the paralegals are for tasks better characterized as clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *accord. Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy* v. *Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.50 hours[4] was billed on administrative tasks including, paying invoices, organizing documents, and scanning and saving documents.

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. Over fifty entries are listed on tasks such as "discuss case status and strategy", "develop strategy and plan of action", "office

---

[4] Examples of these entries include: January 30, 2017 (0.10 hrs) "Work on saving client documents to subfile, February 7, 2017 (0.30 hrs) "Receipt of invoice from All Star Pediatrics; Work on scanning and saving to subfile; Update provider chart and follow spreadsheet; Review invoice charges per Florida state statures; Copy of invoice to Sherry Fearon for payment."; These entries are merely examples and are not exhaustive.

conference" and "correspondence with".  Many entries containing these descriptions are block billed with tasks that are considered compensable and non-compensable. Due to the block billing the undersigned cannot decipher the amount of time spent on each task.

For the reasons listed above the undersigned reduces the total award of attorney's fees by 10 percent. This results in a **reduction of $2,241.64**.[5]

The full amount of costs requested, $6,094.03, is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,268.79[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is calculated after the rate reduction of attorney Chris J. Webb.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.